IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRAVIS F. UNDERWOOD                                                                        PLAINTIFF

      v.                              Civil No. 08-2121

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Travis Underwood, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff filed his application for DIB on October 16, 2006, alleging an onset date of November 30, 2005, due to back pain radiating into the left leg, a history of degenerative disk disease in the lumbar spine, status post lumbar fusion surgery, a reading disorder, disorder of written expression, major depressive disorder, medication side effects, and borderline intellectual functioning ("BIF"). (Tr. 26-40, 140-141). His applications were initially denied and that denial was upheld upon reconsideration. (Tr. 28-33). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on May 30, 2008. (Tr. 11-49). Plaintiff was present and represented by counsel.

At this time, plaintiff was 38 years of age and possessed an eighth grade education. (Tr. 16-17). He had past relevant work ("PRW") as a heavy equipment operator and heavy equipment mechanic. (Tr. 17-22, 64, 131-133, 173, 198).

On August 20, 2008, the ALJ found that plaintiff's irritation at the left iliac crest graft site, history of degenerative disk disease in the lumbar spine, status post lumbar fusion surgery, reading disorder, disorder of written expression, major depressive disorder, and BIF were severe but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 57-58). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, sit 6 hours during an 8-hour workday, and stand and walk 2 hours during an 8-hour workday. Further the ALJ concluded that the plaintiff would need to alternate sitting and standing every 30 minutes and, secondary to pain, lack of sleep, and the side effects of medication, would be unable to drive. In addition, the ALJ found that plaintiff could not climb scaffolds, ladders, or ropes; could only occasionally climb ramps and stairs, stoop, bend, crouch, crawl, kneel and balance; was unable to work at unprotected heights or around dangerous equipment/machines; must avoid extreme cold, wet, and vibration; and, could only engage in work involving non-complex, simple instructions, little use of judgment, routine/repetitive tasks which are learned by rote with few variables, superficial contact with the public and co-workers incidental to the work performed, and concrete, direct, and specific supervision. (Tr. 60). With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a bench assembler. (Tr. 65).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 18, 2008. (Tr. 1-3). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 6, 8).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion**

A thorough review of the medical evidence contained in the record reveals that plaintiff suffers from degenerative disk disease in the lumbar spine, residual lumbar and leg pain due to lumbar fusion surgery, a reading disorder, disorder of written expression, major depressive disorder, medication side effects, and BIF. Although found to constitute severe impairments, the record is devoid of a mental RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

AO72A
(Rev. 8/82)

The record reveals that plaintiff underwent a psychological evaluation with Dr. Caleb Lack on March 1, 2008. (Tr. 356-362). As is consistent with other evidence in the record, plaintiff indicated that he was in resource classes in school and dropped out in the eighth grade. He was told that he had dyslexia and was functioning at a second grade level based on standardized test scores. Plaintiff told Dr. Lack that he did not do much reading and that he had to work hard just to write his own name. He said that he looked at the shapes of road signs to determine their meaning and carried a calculator with him in his truck because he "ain't good with numbers." Intellectual testing revealed a full scale IQ of 78, placing him in the borderline range of intellectual functioning. His verbal IQ was 69, his verbal comprehension index 68, his working memory index 67, and his processing speed index 69, each representing an extremely low level of functioning. Dr. Lack indicated that plaintiff's wide scatter in his index scores made his full scale IQ score less reliable. He was of the opinion that plaintiff's verbal IQ was the best estimate of his overall intellectual abilities. Dr. Lack concluded that plaintiff was functioning at an extremely low level of overall cognitive functioning, with particular deficits in his verbal abilities and a strength in nonverbal skills. On tests designed to measure achievement functioning, plaintiff scored below the second grade level on word reading, second grade level in spelling and reading comprehension, and third grade level in numerical operations. Given plaintiff's very poor reading abilities, the tests to evaluate his emotional and behavioral functioning were all read aloud to him. Responses were indicative of a moderate level of anxiety and severe depression. Accordingly, Dr. Lack diagnosed plaintiff with a reading disorder, disorder of written expression, major depressive disorder, and BIF. He also assessed plaintiff with a global assessment of functioning score ("GAF") of 35. Dr. Lack was of the opinion that

5

plaintiff would likely be unable to perform non-physical labor types of employment even with extensive retraining. He stated that plaintiff's cognitive functioning and academic skills would make it unlikely that plaintiff would be able to either acquire or be retrained for employment until such time when his back pain was able to be relieved and his mobility and strength regained. (Tr. 356-362).

Although the ALJ accepted Dr. Lack's diagnoses, she dismissed his overall assessment, stating that the opinion of a doctor who has treated the plaintiff once does not constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). She also disregarded Dr. Lack's opinion because she noted that plaintiff had been referred to Dr. Lack by her attorney in conjunction with his application for disability. Since Dr. Lack was paid for his opinion, the ALJ determined that his opinion was entitled to less weight.[1] While we agree that the opinion of a physician who has treated the plaintiff on only one occasion generally does not constitute substantial evidence of disability, we note that Dr. Lack's opinion is not merely subjective. It is supported by objective tests. Plaintiff was administered a series of tests to determine his cognitive, behavioral, and intellectual abilities. As these tests are widely accepted by the administration as providing objective evidence of a plaintiff's mental abilities; the scores are not inconsistent with plaintiff's daily activities or behavior; and, the record does not contain a mental RFC assessment, we believe that Dr. Lack's

---

[1] We note that the weight afforded the opinion of a consultative examiner paid by the plaintiff should be no less than that afforded an examiner paid by the Administration. In either scenario, the plaintiff is being referred to the examiner for the purposes of obtaining an opinion concerning his/her mental limitations in conjunction with an application for disability.

assessment warranted further development of the record regarding plaintiff's mental abilities. The record does not make clear plaintiff's mental abilities and limitations. Accordingly, we believe that the case should be remanded to the ALJ for further evaluation of plaintiff's mental abilities. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that the ALJ has a duty to fully develop the record regarding the claimant's impairments including seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped). On remand, the ALJ is directed to address interrogatories to Dr. Lack and plaintiff's other treating doctors, asking him/her to review plaintiff's medical records during the relevant time period; to complete an RFC assessment regarding plaintiff's mental capabilities during the time period in question; and, to give the objective basis for his/her opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Likewise, the ALJ should ask Dr. Lack to clarify plaintiff's exact reading and writing abilities, so that these abilities can be compared against the requirements of jobs that exist in the national economy.

**Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 30th day of November 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE